23 C.C.P.A. (Patents)

### In re LAWSON et al.

### Patent Appeal No. 3640.

Court of Customs and Patent Appeals.
June 8, 1936.

Roy F. Lovell, of Pawtucket, R. I., for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 2, 12, and 15 to 29, inclusive, in appellants' application for a patent for an alleged invention relating to improvements in a circular type hosiery knitting machine, and particularly that part of the machine which controls radial movements of the sinkers. The sinkers which cooperate with the needles in drawing stitches are, together with the needles, moved independently in so-called co-operating stitch forming waves.

In view of the conclusion we have reached, it is unnecessary to give a more detailed description of the alleged invention than that stated in the appealed claims, of which claim 2 is sufficiently illustrative. It reads:

"(2) A sinker cap for use in a circular knitting machine having sinkers therein and a substantially circular camway for the same except adjacent to the stitch forming portion of the said camway, and means for yieldingly controlling the sinkers said means being effective throughout the circular portion of the camway only."

The references are: Paquette, 999,853, August 8, 1911; Scott, 1,345,408, July 6, 1920; Sheppard, 1,560,352, November 3, 1925; Kane, 1,589,290, June 15, 1926.

The Primary Examiner allowed but one claim, claim 3, which he stated was sufficient to fully protect appellants' contribution to the art.

On appeal, the Board of Appeals reversed the decision of the Primary Examiner as to claims 6 to 11, inclusive, 13, and 14, but rejected the claims here on appeal for the reasons stated in its decision, and hereinafter set forth.

Claim 6, which is illustrative of the claims allowed by the Board, reads:

"(6) A sinker cap for use in circular machines of the independent needle type, cams therein for controlling the sinker movements so that stitches may be formed, and means for guiding the sinkers between successive stitch forming movements, said means including sectional cams urged forward or toward the needle circle, and maintaining the sinkers in a relatively forward position excepting where such sinkers are retracted and again advanced."

Due to the fact that there is some controversy between counsel as to the precise reasons for the rejection of the appealed claims, we deem it advisable to quote that portion of the Board's decision wherein the prior art is fully set forth, and the reasons for its conclusion are clearly stated:

"This application relates to an improvement in the means for yieldingly urging the sinkers of circular knitting machines in the direction of the needles.

"It was customary to employ a spring ring, such as shown at S in Sheppard, for this purpose but it has been found that it is not desirable for the sinkers to be urged in this manner while the stitch forming operation is occurring. This is particularly true in employing a machine such as shown in the Stewart patent, 1,602,786, October 12, 1926, where selected control of the sinkers is carried on. The fact that the usual spring ring cannot be employed with Stewart is referred to both in appellants' original specification and their brief.

"In order to overcome this difficulty, appellants have made the outer portion of their sinker control groove sectional and movable whereby springs may be employed to yieldingly hold the sections against the sinker butts. By this arrangement a section may be omitted at the knitting point. None of the references either refers to the desirability of omitting the spring pressure on the sinker at the knitting point or discloses a sectional spring pressed sinker groove wall for urging the sinkers toward the needles.

"Kane discloses two cams which press the sinkers during a part of the knitting operation but they do not extend around the groove to hold the sinkers pressed toward the needles during the time that knitting does not occur.

"Paquette discloses certain movable portions of the sinker control but these portions do not extend around the entire circle and while the Paquette segments are pushed in by springs, it is not clear that the springs are of such a nature as to yield in the manner of the spring ring of Sheppard.

"It is our opinion that the substitution of a sectional, movable groove wall, which will permit omitting of pressure at the knitting point, for the spring ring of Sheppard, was not obvious, and claims which are restricted to this specific construction and which also set forth definitely a means so constructed that the sinkers will be yieldingly pressed toward the needles, are allowable. Claims which are indefinite as to the direction of pressure on the sinkers or do not specify yielding pressure do not, in our opinion, define appellants' contribution.

"There are, however, several claims involved in this appeal which are not limited to appellants' sectional construction, and above-copied claim 27 is representative of this group. These claims would cover all ways of overcoming the difficulties which flow from attempting to employ the usual spring ring of Sheppard with the selective sinker control of Stewart. We believe that to those skilled in the art it was obviously desirable to omit the pressure at the knitting point in Stewart while maintaining it throughout the remaining portion of the circuit and we are of opinion that appellants should not be entitled to cover all ways of accomplishing this obviously desirable improvement.

"Any comments we have made as to the insufficiency of some claims are not to be construed as a recommendation that these claims may be amended. We think that eight claims should be ample to cover appellants' specific construction in addition to those already allowed."

It will be observed that the Board was of opinion that appellants' contribution to the art resided in the specific means, somewhat broadly stated in the allowed claims, by which appellants had solved an obvious problem, and that, as

the appealed claims were sufficiently broad to cover every possible means of accomplishing the desired purpose, they were broader than appellants' invention.

Counsel for appellants contends that appellants are not attempting to cover "all ways of maintaining the sinkers in a forward position but limit the claims to such means as will impose a spring pressure on the sinkers, except at or adjacent to the knitting point." However, it is obvious that the appealed claims include all means for accomplishing the precise purpose to which they are directed, that is, the imposition of a spring pressure on the sinkers, "except at or adjacent to the knitting point."

It may be, as argued by counsel for appellants, that appellants were the first to provide a means to accomplish the desired result. However, they are not, for that reason, entitled to a patent which would include all means for accomplishing such result. See In re Malcom P. Ferguson, 23 C.C.P.A.(Patents) ——, 83 F.(2d) 693, decided June 1, 1936, wherein we cited and quoted from the case of Heidbrink et al. v. McKesson (C.C.A.) 290 F. 665.

For the reasons stated, we deem it unnecessary to discuss the claims in detail.

The decision of the Board of Appeals is affirmed.

Affirmed.